NO. 4-00-0991

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,

           Plaintiff-Appellee,

           v.

CHARLES E. BRAMLETT,

           Defendant-Appellant.

)

)

)

)

)

)

)

)

  Appeal from

  Circuit Court of 

  Sangamon County

  No. 99CF1053

  Honorable

  Leo J. Zappa, Jr.,­

  Judge Presiding.

______________________________________________________________

JUSTICE TURNER delivered the opinion of the court:

In October 1999, the State charged defendant, Charles E. Bramlett, with the offense of aggravated criminal sexual abuse, a Class 2 felony, in violation of section 12-16(c)(1)(i) of the Criminal Code of 1961 (Code) (720 ILCS 5/12-16(c)(1)(i) (West 1998)).  In July 2000, the State filed an amended petition to proceed under the Sexually Dangerous Persons Act (Act) (725 ILCS 205/0.01 
through 12 (West 1998)).  In August 2000, defendant stipulated to two psychiatric evaluation reports and admitted the State had sufficient evidence to prove he was a sexually dangerous person.  The trial court found defendant to be sexually dangerous and ordered him committed to the Illinois Department of Corrections for care and treatment.

On appeal, defendant argues the trial court erred in allowing him to stipulate to evidence establishing him as a sexually dangerous person without first admonishing him pursuant to Supreme Court Rule 402 (177 Ill. 2d R. 402) to determine the voluntariness of his stipulation.  We affirm.

I. BACKGROUND

In October 1999, the State charged defendant with one count of aggravated criminal sexual abuse in violation of section 12-16(c)(1)(i) of the Code, alleging defendant, 17 years of age or older, committed an act of sexual conduct with A.T.A., under the age of 13 when the act was committed, in that he knowingly fondled the genitals of A.T.A. for the purpose of the sexual arousal or gratification of defendant.

In January 2000, the State filed a petition to proceed under the Act (725 ILCS 205/0.01 
through 12 (West 1998)).  At a hearing on defendant’s motion to dismiss the petition, the trial court granted the State leave to file the petition.  The court also ordered defendant to be examined by two psychiatrists, Dr. Bohlen and Dr. Killian.

In June 2000, the State indicated to the trial court the two psychiatrists had found defendant not to be a sexually dangerous person.  The State also indicated defendant was arrested on new matters, and the State sought a court-ordered re-examination of defendant by the two psychiatrists.  The trial court granted the State’s motion for reexamination, noting the new charges against defendant were similar to his pending criminal case.  

In July 2000, the State filed an amended petition to proceed under the Act.  The State alleged defendant was charged with one count of aggravated criminal sexual abuse based on an April 1999 incident.  The petition alleged defendant resigned his position as custodian at an elementary school after being accused of lifting the dress and touching the legs of a 10-year-old girl in 1989.  Further, in May 2000, defendant allegedly had incidents of sexual contact with a seven-year-old girl even after he was ordered by the court to have no contact with minor children.  The State also alleged defendant was suffering from a mental disorder which had existed for more than one year prior to the filing of this petition, coupled with criminal propensities to the commission of sexual offenses, and has demonstrated propensities to acts of sexual assault or sexual molestation of children, making him a sexually dangerous person.

In August 2000, the trial court conducted a hearing on the State’s petition to proceed under the Act, which included the following exchange:

“THE COURT: It’s my understanding, Miss Essenburg, the State at this time is willing to stipulate to the findings of Doctors Killian and Bohlen, who are qualified psychiatrists under the Sexually Dangerous Persons Act, and stipulate to the findings that at this time Mr. Bramlett is a sexually dangerous person as defined by Illinois law; is that correct?

MS. ESSENBURG: The State is prepared to stipulate to that, Your Honor, yes.

THE COURT: Miss Behnke, it’s my understanding that Mr. Bramlett will *** stipulate to the reports and the findings of the two doctors; is that correct?

MS. BEHNKE: That is correct, Your Honor.

THE COURT: And, Mr. Bramlett, is that your understanding; is that correct?

DEFENDANT: Yes, sir.

THE COURT: All right, we’ll show then by stipulation of the parties then that the [c]ourt makes a finding that based upon the testimony of Doctors Bohlen and Killian, through their reports, that Mr. Bramlett suffers from a mental disorder which has existed for more than a year prior to the filing of the [p]etition, which is coupled with criminal propensities for the commission of sex offenses and that he has demonstrated propensi­ties toward acts of sexual assault or sexual molestation of children.

It is therefore my finding by this [c]ourt that he is therefore a sexually dangerous person.” 

Thereafter, the trial court entered an order finding defendant had stipulated to the psychiatric reports and admitted the State had sufficient evidence to prove he was a sexually dangerous person.  The court dismissed without prejudice defendant’s charge of aggravated criminal sexual abuse.  The court also ordered defendant committed to the custody of the Illinois Department of Corrections for care and treatment.  This appeal followed.

II. ANALYSIS

Defendant first argues the trial court erred in allowing defendant to stipulate to evidence establishing him as a sexually dangerous person without first admonishing him pursuant to Supreme Court Rule 402 to determine the voluntariness of his stipulation.  We disagree.  The question presented in this case, whether the trial court was required to ascertain the voluntariness of defendant’s stipulation establishing him as a sexually dangerous person, is a question of law, and such questions are reviewed 
de
 
novo
 (
Woods v. Cole
, 181 Ill. 2d 512, 516, 693 N.E.2d 333, 335 (1998)).

The Illinois legislature has defined a sexually dangerous person under the Act as one who suffers from a mental disorder coupled with criminal propensities to the commission of sex offenses and has demonstrated propensities toward acts of sexual assault or sexual molestation of children.  725 ILCS 205/1.01 (West 1998).  The Act serves the purpose of (1) protect­ing the public by sequestering sexually dangerous persons until such persons have recovered and are released and (2) subjecting sexually dangerous persons to treatment such that they may recover from the propensity to commit sexual offenses and be rehabilitated.  
People v. Trainor
, 196 Ill. 2d 318, 323-24, 752 N.E.2d 1055, 1058-59 (2001).

The General Assembly, in passing the Act, sought the commitment of sexually dangerous persons for treatment instead of criminally punishing them for their criminal sexual offenses.  
People v. Cooper
, 132 Ill. 2d 347, 355, 547 N.E.2d 449, 454 (1989).  Our supreme court has stated “the Act does not promote traditional aims of punishment, such as retribution or deterrence.  Rather, under the Act, the State has a statutory obligation to provide care and treatment for persons adjudged sexually dangerous.”  
Trainor
, 196 Ill. 2d at 325, 752 N.E.2d at 1059.

A proceeding under the Act is civil in nature.  725 ILCS 205/3.01 (West 1998).  However, because of the loss of liberty a commitment can cause, the Act provides certain protections afforded to criminal defendants.  
People v. Kastman
, 309 Ill. App. 3d 516, 518, 722 N.E.2d 1202, 1205 (2000).  For example, the State must prove the defendant is subject to confinement as a sexually dangerous person beyond a reasonable doubt.  725 ILCS 205/3.01 (West 1998); 
People v. Akers
, 301 Ill. App. 3d 745, 749, 704 N.E.2d 452, 454 (1998).  Further, respondents have the right to demand a jury trial and to be represented by counsel in the proceedings.  725 ILCS 205/5 (West 1998).  Likewise, a respondent under the Act is entitled to the effective assistance of counsel under the standard used in criminal cases.  
People v. Dinwiddie
, 306 Ill. App. 3d 294, 300, 715 N.E.2d 647, 652 (1999).

In the case 
sub
 
judice
, defendant argues Rule 402 admonishments should have been given here because the proceedings were the equivalent of a guilty plea in a criminal case.  We disagree.  Rule 402 requires admonishments by the court in “hearings on pleas of guilty, or in any case in which the defense offers to stipulate that the evidence is sufficient to convict.”  177 Ill. 2d R. 402.  The Supreme Court of Illinois
 has stated proceedings under the Act are not criminal proceedings.  
People v. Allen
, 107 Ill. 2d 91, 103, 481 N.E.2d 690, 696 (1985), 
aff'd
,  
478 U.S. 364, 92 L. Ed. 2d 296, 106 S. Ct. 2988 (1986).  The United States Supreme Court, in reviewing 
Allen
, noted the Act “does not appear to promote either of 'the traditional aims of punishment--retribution and deterrence.'”  
Allen v. Illinois
, 478 U.S. at 370, 92 L. Ed. 2d at 305, 106 S. Ct. at 2992, quoting 
Kennedy v. Mendoza-Martinez
, 372 U.S. 144, 168, 9 L. Ed. 2d 644, 661, 83 S. Ct. 554, 567 (1963).  As the Act itself describes the proceedings as civil in nature, and as commitment under the Act does not constitute a criminal conviction, Rule 402 does not apply.

Defendant also argues due process and fundamental fairness require the trial court to give admonishments before accepting defendant’s stipulation.  We disagree.

This court has acknowledged “the importance of scrupulously ensuring the fairness of judicial proceedings that may result in indefinite commitment of a person determined to be sexually dangerous.”  
People v. Antoine
, 286 Ill. App. 3d 920, 923, 676 N.E.2d 1374, 1376 (1997).  In 
People v. Pembrock
, 23 Ill. App. 3d 991, 995, 320 N.E.2d 470, 473 (1974), 
aff'd
, 62 Ill. 2d 317, 342 N.E.2d 28 (1976), the First District, in deciding the reasonable doubt standard applied to proceedings under the Act, also addressed the Act as to the requirements of Rule 402 and due process.  The court stated, in part:

“Although we have held that a standard of proof of beyond a reasonable doubt must be used in sexually dangerous persons proceedings, we do not believe that other elements of the criminal process, such as admonitions regarding a right to a jury trial, a right to appeal and the consequences of a guilty plea, are also constitutionally required as has been contended by defendant.  We have noted above that the requirements of due process are not static but may vary depending upon the nature of the interests involved.  While both the civil proceedings in question and criminal prosecutions may result in a loss of liberty, substantial differences exist between them.  Foremost among these are that in a commitment under the Act there is no inference of moral blameworthiness since a finding of sexual dangerousness indicates that a defendant’s inability to conform to the dictates of the law is the product of a mental illness and, secondly, commitment under the Act, unlike criminal incarceration, is not intended as punishment.  Thus our supreme court has specifically rejected defendant’s arguments regarding jury trial admonitions [citation] and right to appeal [citation].  Moreover, since commit­ment under the Act does not constitute a criminal conviction, Supreme Court Rule 402 [citation] does not apply.”  
Pembrock
, 23 Ill. App. 3d at 995, 320 N.E.2d at 473-74.

As we find the court’s elaboration on the Act persuasive, we adopt its reasoning and find the requirements of due process do not require admonishments here as they are required in a plea of guilty in a criminal case.  Our holding is also supported by our supreme court’s conclusion that “due process of law does not require that the safeguards and procedural requirements surrounding the waiver of a defendant’s right to jury trial in a criminal case be followed in a proceeding under the Sexually Dangerous Persons Act.”  
People v. Studdard
, 51 Ill. 2d 190, 197, 281 N.E.2d 678, 681 (1972).

We also note the Act provides an additional safeguard to guarantee the fairness and reliability of the proceedings.  Section 4 requires the court to appoint two qualified psychiatrists to personally examine the defendant to determine if that person is sexually dangerous.  725 ILCS 205/4 (West 1998).  The examining psychiatrists must then file a report with the court containing the results of their examination.  725 ILCS 205/4 (West 1998).  Thus, the Act provides a defendant with adequate and necessary protections before he may be committed to the Department of Corrections.

Defendant argues admonitions must still be given to determine the voluntariness of his stipulation.  However, this court has held there is no constitutional requirement that a defendant in a proceeding under the Act must be fit to stand trial.  
Akers
, 301 Ill. App. 3d at 751, 704 N.E.2d at 455.  Similarly, there is no constitutional requirement that the trial court give admonish­ments to defendant to determine the voluntariness of a stipulation. 

In this case, defendant was represented by counsel who agreed, along with defendant, to stipulate to the findings of the two psychiatrists that defendant was a sexually dangerous person.  The trial court received the stipulation and was privy to the reports and opinions from the two examining psychiatrists.  No court has held due process also required the trial court to give the admonishments required for defendants in a criminal case, and we decline to hold the admonishments were constitutionally necessary.

III. CONCLUSION

For the reasons stated, we affirm the trial court
's judgment. 

Affirmed.

McCULLOUGH, P.J., and STEIGMANN, J., concur.