806 N.E.2d 1251 (2004)
347 Ill. App.3d 468
282 Ill.Dec. 663
The PEOPLE of the State of Illinois, Plaintiff-Appellee,
v.
Charles E. BRAMLETT, Defendant-Appellant.
No. 4-03-0782.
Appellate Court of Illinois, Fourth District.
March 30, 2004.
*1252 Charles Bramlett, Ina, Pro Se.
John P. Schmidt, State's Attorney, Norbert J. Goetten, Director, Robert J. Biderman, Deputy Director, Thomas R. *1253 Dodegge, of counsel, State's Attorneys Appellate Prosecutor, Springfield, for the People.
Justice TURNER delivered the opinion of the court:
In August 2002, defendant, Charles E. Bramlett, filed a petition for relief of judgment under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2002)), seeking to set aside the trial court's August 2000 judgment, which found defendant was a sexually dangerous person under the Sexually Dangerous Persons Act (Act) (725 ILCS 205/0.01 through 12 (West 1998)). That same month, the court dismissed sua sponte defendant's petition as frivolous and without merit. Defendant filed a motion to reconsider, which the court denied.
Defendant appeals pro se, contending (1) the trial court lacked the authority to dismiss sua sponte his section 2-1401 petition; (2) his section 2-1401 petition is not frivolous or without merit because (a) his trial counsel fraudulently coerced him into stipulating to the psychiatric report that alleged he was sexually dangerous; and (b) his stipulation was based on his belief the Department of Corrections (DOC) would comply with the Act, and DOC has not because its preparer of socio-psychiatric reports is not qualified under the Act to render such reports; and (3) he was found not to be sexually dangerous less than a year before the August 2000 judgment. We affirm.

I. BACKGROUND
In October 1999, the State charged defendant with aggravated criminal sexual abuse (720 ILCS 5/12-16(c)(1)(i) (West 1998)). In January 2000, the State filed a petition to proceed under the Act. Defendant filed a motion to dismiss the State's petition. After a hearing, the trial court allowed the State to file a petition under the Act and ordered defendant to be examined by two psychiatrists, Dr. Joseph Bohlen and Dr. Terry Killian.
In June 2000, the State informed the trial court the two psychiatrists had found defendant not to be a sexually dangerous person. The State also noted defendant was arrested on new matters, and the State sought a court-ordered reexamination of defendant by the two psychiatrists. The trial court granted the State's motion for reexamination, observing the new charges against defendant were similar to his pending criminal case. People v. Bramlett, 329 Ill.App.3d 286, 288, 263 Ill. Dec. 235, 767 N.E.2d 961, 963 (2002).
In July 2000, the State filed an amended petition to proceed under the Act. On August 2, 2000, the trial court conducted a hearing on the State's petition to proceed under the Act. At the hearing, defendant stipulated to Dr. Killian's and Dr. Bohlen's reports, finding defendant was a sexually dangerous person. The court then found defendant was a sexually dangerous person as defined by the Act, dismissed without prejudice the aggravated-criminal-sexual-abuse charge, and ordered defendant committed to DOC's custody for care and treatment.
Defendant appealed the trial court's judgment, asserting the court erred in allowing him to stipulate to evidence that established he was a sexually dangerous person without first admonishing him pursuant to Supreme Court Rule 402 (177 Ill.2d R. 402) to determine the voluntariness of his stipulation. Bramlett, 329 Ill. App.3d at 287-88, 263 Ill.Dec. 235, 767 N.E.2d at 963. In April 2002, this court affirmed the trial court's judgment. Bramlett, 329 Ill.App.3d 286, 263 Ill.Dec. 235, 767 N.E.2d 961. Defendant then filed a petition for leave to appeal to the Supreme Court of Illinois, which was denied *1254 in October 2002. People v. Bramlett, 201 Ill.2d 579, 271 Ill.Dec. 930, 786 N.E.2d 188 (2002).
On August 7, 2002, defendant filed a section 2-1401 petition (which he mailed on August 2, 2002), requesting the trial court to set aside its August 2000 judgment because (1) his trial counsel fraudulently coerced him into stipulating to the psychiatric reports to avoid presenting a defense, and (2) he believed his evaluations would be performed by qualified staff as mandated by the Act. That same month, the court dismissed sua sponte defendant's petition, finding (1) defendant could have raised his allegations in his appeal, and (2) his petition was frivolous and without merit.
In September 2002, defendant filed a motion to reconsider the trial court's dismissal. In August 2003, the court denied defendant's motion. This appeal followed.

II. ANALYSIS

A. The Trial Court's Authority To Dismiss Sua Sponte Defendant's Section 2-1401 Petition
Defendant first argues the trial court did not have the authority to dismiss sua sponte his section 2-1401 petition. We disagree.
Since defendant has raised a question of law, our review is de novo. See Berryman Transfer & Storage Co. v. New Prime, Inc., 345 Ill.App.3d 859, 862, 280 Ill.Dec. 764, 802 N.E.2d 1285, 1287 (2004).
In Mason v. Snyder, 332 Ill.App.3d 834, 842, 266 Ill.Dec. 351, 774 N.E.2d 457, 464 (2002), appeal denied, 205 Ill.2d 587, 281 Ill.Dec. 80, 803 N.E.2d 484 (2003), this court held a trial court has the authority to examine a mandamus petition and to order it stricken sua sponte if the court finds the petition is frivolous and without merit. In reaching that decision, we noted several cases in which the reviewing court had affirmed the trial court's sua sponte dismissal of a civil complaint that failed to state a cause of action. Mason, 332 Ill. App.3d at 840-42, 266 Ill.Dec. 351, 774 N.E.2d at 462-63, citing Barrett v. Guaranty Bank & Trust Co., 123 Ill.App.2d 326, 329, 260 N.E.2d 94, 96 (1970); Rhodes v. Mill Race Inn, Inc., 126 Ill.App.3d 1024, 1028, 81 Ill.Dec. 793, 467 N.E.2d 915, 918 (1984); Mitchell v. Norman James Construction Co., 291 Ill.App.3d 927, 937-38, 225 Ill.Dec. 881, 684 N.E.2d 872, 881 (1997). This court then concluded the following:
"[T]he trial courts, which have the inherent authority to control their courtrooms and their dockets, have the corollary authority to utilize their discretion in dealing with `professional litigants' who inappropriately burden the court system with nonmeritorious litigation, stemming from their unhappiness as DOC inmates." Mason, 332 Ill.App.3d at 842, 266 Ill.Dec. 351, 774 N.E.2d at 463-64.
The reasoning set forth in Mason also applies to section 2-1401 petitions (see People v. Shellstrom, 345 Ill.App.3d 175, 176-77, 280 Ill.Dec. 456, 802 N.E.2d 381, 384 (2003)), as both types of petitions may be used in an attempt to circumvent the restrictions against multiple postconviction petitions (People v. Pearson, 345 Ill.App.3d 191, 198, 280 Ill.Dec. 461, 802 N.E.2d 386, 392 (2003)). Additionally, like mandamus, section 2-1401 relief is very limited. Such relief addresses only factual issues, not legal ones (People v. Lawton, 335 Ill. App.3d 1085, 1087, 269 Ill.Dec. 932, 781 N.E.2d 1122, 1124 (2002)), and requires a showing of due diligence (In re Estate of Barth, 339 Ill.App.3d 651, 662, 275 Ill.Dec. 84, 792 N.E.2d 315, 324 (2003)).
We recognize the Second District has reached an opposite conclusion as to *1255 both section 2-1401 petitions and mandamus petitions. See Pearson, 345 Ill. App.3d at 199, 280 Ill.Dec. 461, 802 N.E.2d at 393 (section 2-1401 petition); People v. Gaines, 335 Ill.App.3d 292, 296, 269 Ill. Dec. 350, 780 N.E.2d 822, 825 (2002) (section 2-1401 petition); Shellstrom, 345 Ill. App.3d at 177-78, 280 Ill.Dec. 456, 802 N.E.2d at 384 (mandamus petition). In Pearson, 345 Ill.App.3d at 196-97, 280 Ill. Dec. 461, 802 N.E.2d at 391, the Second District asserted this court erred in Mason by neglecting to consider the necessity of notice and the opportunity to respond, which are necessary to due process. However, section 122-2.1(a)(2) of the Post-Conviction Hearing Act (725 ILCS 5/122-2.1(a)(2) (West 2002)), which allows the trial court to dismiss a postconviction petition that is frivolous or patently without merit before appointing counsel and allowing the State to respond, does not violate the petitioner's due process rights as it gives the petitioner an adequate opportunity to be heard. People v. Ross, 139 Ill. App.3d 674, 682, 94 Ill.Dec. 260, 487 N.E.2d 1137, 1141 (1985); People v. Baugh, 132 Ill.App.3d 713, 717, 87 Ill.Dec. 598, 477 N.E.2d 724, 726 (1985). Accordingly, we continue to follow our decision in Mason.

B. Defendant's Petition
As with other motions to dismiss, we review de novo the trial court's dismissal of defendant's section 2-1401 petition. See Fischer v. Senior Living Properties, L.L.C., 329 Ill.App.3d 551, 553, 264 Ill.Dec. 801, 771 N.E.2d 505, 509 (2002) (sections 2-615 and 2-619 motions (735 ILCS 5/2-615, 2-619 (West 2000))); People v. Little, 335 Ill.App.3d 1046, 1051, 270 Ill.Dec. 398, 782 N.E.2d 957, 962 (2003) (first-stage dismissal of a postconviction petition (725 ILCS 5/122-2.1(a)(2) (West 2000))).
A section 2-1401 petition's purpose is to bring before the trial court facts not appearing in the record that, if known at the time the court entered judgment, would have prevented the judgment's entry. Barth, 339 Ill.App.3d at 662, 275 Ill. Dec. 84, 792 N.E.2d at 323-24. In a section 2-1401 petition, the petitioner must set forth specific factual allegations that support the following three elements:
"(1) the existence of a meritorious claim or defense; (2) due diligence in presenting this claim or defense to the trial court in the original action; and (3) due diligence in filing the section 2-1401 petition." Barth, 339 Ill.App.3d at 662, 275 Ill.Dec. 84, 792 N.E.2d at 324.
A trial court may dismiss a section 2-1401 petition if the petitioner fails to demonstrate it exercised due diligence in ascertaining and then acting upon its rights. The grounds available to a court for dismissing for lack of due diligence include the mere failure to offer a reasonable excuse for undue delay in filing the petition. National Underground Construction Co. v. E.A. Cox Co., 273 Ill.App.3d 830, 837, 210 Ill.Dec. 132, 652 N.E.2d 1108, 1113 (1995).
In his petition, defendant does not demonstrate due diligence in moving for section 2-1401 relief as required by that section. Defendant mailed his petition on August 2, 2002, exactly two years after the August 2, 2000, judgment that he sought to vacate. The petition was not filed until August 7, 2002, and thus an issue exists as to whether it was even timely filed. See Wilkins v. Dellenback, 149 Ill.App.3d 549, 554, 102 Ill.Dec. 799, 500 N.E.2d 692, 695-96 (1986) (declining to apply the date-of-mailing rule, and thus the actual filing date of a section 2-1401 petition is when it is received and stamped by the circuit clerk's office). Defendant's petition offers no explanation for the lengthy delay. Accordingly, *1256 defendant's section 2-1401 petition is fatally defective on its face and insufficient, as a matter of law, to support the relief requested. See Mitchell v. Seidler, 68 Ill. App.3d 478, 483, 25 Ill.Dec. 13, 386 N.E.2d 284, 287 (1979) (addressing a former version of section 2-1401 (Ill.Rev.Stat.1977, ch. 110, par. 72)).
Accordingly, the trial court properly dismissed defendant's petition. Moreover, the arguments in defendant's petition are frivolous and without merit.

1. Defendant's Trial Counsel

In his petition, defendant first alleges the August 2000 judgment must be vacated because his trial counsel fraudulently coerced him into stipulating to the psychiatric reports that found he was sexually dangerous. Specifically, he alleged his trial counsel (1) incorrectly advised his stay in DOC was for evaluation purposes, (2) promised him that (a) he would be in DOC for "`no longer than 6 months'" and (b) she would work on getting him released after six months, and (3) threatened to resign as his attorney when he expressed concerns about the stipulation.
Defendant's first and last contentions are essentially claims of ineffective assistance of counsel (People v. Douglas, 296 Ill.App.3d 192, 197-98, 230 Ill.Dec. 696, 694 N.E.2d 665, 668 (1998); People v. Kluppelberg, 327 Ill.App.3d 939, 941, 262 Ill.Dec. 65, 764 N.E.2d 1182, 1184 (2002)), which is not a proper issue for a section 2-1401 petition. Lawton, 335 Ill.App.3d at 1087, 269 Ill.Dec. 932, 781 N.E.2d at 1124.
As to defendant's second allegation, misrepresentations about future events and the failure to perform a promise to do something in the future do not constitute fraud. Pasulka v. Koob, 170 Ill.App.3d 191, 203-04, 121 Ill.Dec. 179, 524 N.E.2d 1227, 1235 (1988).

2. DOC Evaluator

Defendant also contends the August 2000 judgment must be vacated because he was led to believe his evaluations would be performed by qualified staff. Relying on Justice McDade's opinion in People v. Burns, 337 Ill.App.3d 224, 231, 271 Ill.Dec. 848, 785 N.E.2d 1042, 1049 (2003) (McDade, J., specially concurring in part and dissenting in part), defendant specifically asserts Mark Carich, who prepares the DOC'S socio-psychiatric reports, is unqualified to prepare such reports under the Act.
This court has rejected the contention Carich is unqualified to render reports under the Act. See People v. Sizemore, 311 Ill.App.3d 917, 928, 244 Ill.Dec. 608, 726 N.E.2d 204, 212 (2000), abrogated on other grounds in People v. Trainor, 196 Ill.2d 318, 332-38, 256 Ill.Dec. 813, 752 N.E.2d 1055, 1063-67 (2001). Additionally, we note the majorities in Burns, 337 Ill. App.3d at 229, 271 Ill.Dec. 848, 785 N.E.2d at 1047 (2003), and People v. Trainor, 337 Ill.App.3d 788, 793, 271 Ill.Dec. 636, 785 N.E.2d 568, 572 (2003), have also found Carich is qualified.

3. Initial Psychiatric Evaluations

Defendant last argues the trial court's August 2000 judgment must be vacated because he had been found not to be sexually dangerous less than a year before that judgment. However, defendant did not raise this issue in his petition, and thus he has forfeited it. See Borcherding v. Anderson Remodeling Co., 253 Ill.App.3d 655, 662, 191 Ill.Dec. 699, 624 N.E.2d 887, 893-94 (1993) (finding appellant had waived issue by raising it for the first time on appeal from the denial of his section 2-1401 petition).
Additionally, this issue is not appropriate for a section 2-1401 petition as the trial court had knowledge of the two *1257 initial psychiatric reports when it entered its August 2000 judgment (Bramlett, 329 Ill.App.3d at 288, 263 Ill.Dec. 235, 767 N.E.2d at 963). See Barth, 339 Ill.App.3d at 662, 275 Ill.Dec. 84, 792 N.E.2d at 323-24 (noting a section 2-1401 petition's purpose is to bring before the court facts not in the record that, if known, would have prevented the judgment's entry).

III. CONCLUSION
For the reasons stated, we affirm the trial court's judgment.
Affirmed.
STEIGMANN and McCULLOUGH, JJ., concur.