NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2019 IL App (4th) 160746-U

NO. 4-16-0746

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 1, 2019
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| EDWARD L. TAYLOR, | ) | No. 12CF98 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas J. Difanis, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE HOLDER WHITE delivered the judgment of the court.
Justices Knecht and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*: We grant appointed counsel's motion to withdraw under *Pennsylvania v. Finley*, 481 U.S. 551 (1987), and affirm the trial court's dismissal of defendant's petition for relief from judgment.

¶ 2    This case comes to us on the motion of the Office of the State Appellate Defender (OSAD) to withdraw as counsel on appeal on the ground that no meritorious issues can be raised in this case. Defendant, Edward L. Taylor, asks this court to grant OSAD's motion, allow him to proceed *pro se*, and argues his petition pursuant to section 2-1401 of the Code of Civil Procedure (Civil Code) (735 ILCS 5/2-1401 (West 2012)) contains meritorious claims. Defendant attaches to his *pro se* brief a motion for bail. In response, the State filed a brief arguing defendant's petition contains no meritorious issues for review. For the following reasons, we grant OSAD's motion and affirm.

¶ 3                          I. BACKGROUND

¶ 4            In January 2012, the State took defendant into custody and charged him with armed robbery while armed with a firearm, a Class X felony (720 ILCS 5/18-2(a)(2) (West 2010)), alleging that on January 20, 2012, defendant took property by use of force from Carolyn Patterson while she worked at a Meijer gas station in Champaign, Illinois. On January 23, 2012, after defendant was arraigned, defendant requested time to obtain private counsel. The trial court granted defendant until February 7, 2012, to obtain counsel. A preliminary hearing was held on February 24, 2012.

¶ 5                                A. Defendant's Trial

¶ 6            The case proceeded to an August 2012 jury trial held *in absentia* after defendant failed to attend his trial. At trial, Carolyn Patterson testified she worked as a cashier at a Meijer gas station. On January 20, 2012, a black male wearing a black coat and a black mask entered the gas station carrying a backpack. The man grabbed Patterson's arm and wanted the money from the cash register. He guided her to the register and told her to open it. He told her to lie on the floor, and she heard the register tray move. The man then demanded she put cigarettes in his backpack. Patterson put six cartons of Newport cigarettes in his backpack. Patterson testified the man never threatened her with violence and she never saw a weapon. According to Patterson, the register contained between $400 and $500. The police later took her to Baytowne Apartments, where she identified defendant as the suspect.

¶ 7            After the police apprehended and Mirandized defendant, he admitted to the robbery. Police found $411 in defendant's front pants pocket, and six cartons of Newport cigarettes and an unloaded handgun in his backpack. After closing arguments, the jury found defendant guilty of armed robbery while armed with a firearm.

¶ 8                        B. Sentencing and Posttrial Proceedings

- 2 -

¶ 9        On September 24, 2012, the trial court sentenced defendant *in absentia* to 30 years in prison. Defendant filed a direct appeal, (1) claiming the court erred in proceeding to trial and sentencing *in absentia* and (2) challenging one of the jury instructions. This court affirmed, *inter alia*, finding the record strongly suggested defendant willfully avoided his trial and sentencing. *People v. Taylor*, 2014 IL App (4th) 120900-U.

¶ 10       On March 19, 2014, defendant filed a *pro se* petition pursuant to section 2-1401 of the Civil Code (735 ILCS 5/2-1401 (West 2012)). In his petition, defendant argued that (1) the February 24, 2012, preliminary hearing was not timely where it was not held within 30 days of him being taken into custody, (2) defendant was only arrested because he was a "black male," and (3) no eyewitnesses identified defendant as the suspect. On March 27, 2014, the State filed a motion to dismiss defendant's section 2-1401 petition. The State argued (1) the delay in holding a preliminary hearing was occasioned by defendant, (2) defendant's assertion he was only arrested because he was a "black male" was meritless where defendant fit the description of the robbery suspect given by Patterson and was found with the stolen items on him, and (3) Patterson identified defendant by his clothing and backpack, as the man who robbed the gas station.

¶ 11       On March 31, 2014, the trial court dismissed defendant's petition as frivolous and patently without merit. Defendant filed a motion to reconsider, which the court denied four days later. Defendant appealed the court's order dismissing his section 2-1401 petition (No. 4-14-0456), and soon after, appealed the court's order denying his *pro se* motion for fingerprint testing of the weapon used in the crime (No. 4-14-0994). We consolidated the appeals, vacated the court's order dismissing defendant's section 2-1401 petition, and remanded to afford defendant the opportunity to respond to the State's motion to dismiss. *People v. Taylor*, Nos. 4-14-0456, 4-

14-0994 cons. (Apr. 18, 2018) (unpublished summary order under Supreme Court Rule 23(c)(2)).

¶ 12   On remand, defendant filed a 2-1401 petition on July 22, 2016, purporting to respond to the State's motion to dismiss. In the petition, defendant raised new claims in addition to the issues he raised in his March 19, 2014, petition. The new claims alleged (1) the trial court erred when it released him from custody on July 9, 2012, instead of dismissing the charges because the delay was caused by police officers involved in his arrest, (2) the trial *in absentia* was invalid where he was in a car accident the day his trial began, and (3) a demand for a *People v. Krankel*, 102 Ill. 2d 181, 464 N.E.2d 1045 (1984), hearing for numerous claims of ineffective assistance of counsel.

¶ 13   On September 2, 2016, the State filed a motion to dismiss, renewing its March 27, 2014, motion to dismiss and alleging new claims should be stricken as "substantially insufficient in law" where defendant failed to exercise due diligence in presenting his claims. On September 26, 2016, defendant responded to the State's motion, arguing his claims had merit and any delay stemmed from his counsel's ineffectiveness. On October 11, 2016, the trial court agreed with the State and dismissed defendant's petition.

¶ 14   This appeal followed.

¶ 15                     II. ANALYSIS

¶ 16   On appeal, OSAD moves to withdraw as counsel, arguing this case presents no meritorious issues for review. Defendant asks this court to grant OSAD's motion, allow him to proceed *pro se*, and argues his claims in his petition for relief have merit. Defendant also attaches to his *pro se* brief a motion for bail. The State filed a brief alleging defendant's petition

- 4 -

contains no meritorious issues for review. We grant OSAD's motion to withdraw and affirm the trial court's judgment.

¶ 17                                      A. Standard of Review

¶ 18            The purpose of a petition for relief from judgment pursuant to section 2-1401 of the Civil Code (735 ILCS 5/2-1401 (West 2012)) "is to bring before the trial court facts not appearing in the record that, if known at the time the court entered judgment, would have prevented the judgment's entry." *People v. Bramlett*, 347 Ill. App. 3d 468, 473, 806 N.E.2d 1251, 1255 (2004). Though a petition under section 2-1401 provides a civil remedy, it applies to criminal cases as well. *People v. Vincent*, 226 Ill. 2d 1, 8, 871 N.E.2d 17, 22-23 (2007).

¶ 19            To successfully plead a petition for relief, the defendant must show (1) a meritorious claim or defense, (2) due diligence in presenting the claim in the original action, and (3) due diligence in filing the section 2-1401 petition. *People v. Lee*, 2012 IL App (4th) 110403, ¶ 15, 979 N.E.2d 992 (citing *Bramlett*, 347 Ill. App. 3d at 473). A section 2-1401 petition is subject to dismissal when the petition (1) fails to state a cause of action or (2) fails, on its face, to demonstrate the petitioner is entitled to relief. *Vincent*, 226 Ill. 2d at 8.

¶ 20            A petition for relief from judgment must be filed within two years after entry of the judgment being challenged. 735 ILCS 5/2-1401(c) (West 2012). A petition filed more than two years after judgment will not be considered unless it can be shown that petitioner was "under legal disability or duress or the ground for relief [was] fraudulently concealed." 735 ILCS 5/2-1401(c) (West 2012). The trial court's dismissal of a petition for relief under section 2-1401 of the Civil Code is subject to *de novo* review. *Vincent*, 226 Ill. 2d at 18.

¶ 21                        B. Defendant's Petition for Relief from Judgment

¶ 22 At the onset, we grant OSAD's motion to withdraw as counsel and allow defendant to proceed *pro se*. Defendant argues his petition for relief from judgment contains meritorious issues for review. The State disagrees and argues the trial court correctly dismissed defendant's petition. We agree with the State.

¶ 23 On remand, defendant filed a section 2-1401 petition on July 22, 2016, purporting to respond to the State's March 2012 motion to dismiss. In his petition, defendant raised new claims in addition to the issues he raised in his March 19, 2012, petition. We are unable to address defendant's additional claims raised in his petition or any new claims defendant asserts in his briefs because defendant put forth those issues well outside the two-year statute of limitations for filing a section 2-1401 petition. See 735 ILCS 5/2-1401(c) (West 2012). The trial court sentenced defendant on September 24, 2012, and defendant failed to raise his additional claims until July 22, 2016.

¶ 24 However, we find defendant's March 19, 2014, petition for relief from judgment timely where defendant filed it within two years of his sentencing. Thus, we must determine whether the petition contains any meritorious issues for review. In his March 2014 petition, defendant argued that (1) the February 24, 2012, preliminary hearing was not timely where it was not held within 30 days of him being taken into custody, (2) defendant was only arrested because he was a "black male," and (3) no eyewitnesses identified defendant as the suspect. We address these issues below.

¶ 25 Article I, section 7 of the Illinois Constitution (Ill. Const. 1970, art. I, § 7) requires a person charged with a felony be provided a grand jury indictment or a prompt preliminary hearing. Under section 109-3.1(b) of the Code of Criminal Procedure (725 ILCS 5/109-3.1(b) (West 2012)), "[e]very person in custody in this State for the alleged commission of

a felony shall receive either a preliminary examination as provided in Section 109-3 or an indictment by Grand Jury as provided in Section 111-2, within 30 days from the date he or she was taken into custody." An exception arises "when delay is occasioned by the defendant." 725 ILCS 5/109-3.1(b)(1) (West 2012).

¶ 26 Here, defendant argues the February 24, 2012, preliminary hearing was not timely where it was held 35 days after he was taken into custody. Police arrested defendant on January 20, 2012, and he was arraigned on January 23, 2012. Defendant requested time to obtain private counsel, and the trial court granted him until February 7, 2012, to obtain counsel. While the preliminary hearing was not held until February 24, 2012, defendant occasioned the delay where he requested a continuance to obtain private counsel. Because defendant caused the delay, we find his claim lacks merit.

¶ 27 Defendant next argues he was only arrested because he was a "black male" and that no eyewitnesses identified him as the suspect. Defendant's allegations are not properly raised in a petition for relief from judgment. A section 2-1401 petition is used to correct errors of fact occurring in the prosecution of a cause, unknown to the defendant and court at the time judgment was entered, which, if known, would have prevented the judgment's entry. See *Bramlett*, 347 Ill. App. 3d at 473. Defendant failed to provide any new evidence not known at the time of trial.

¶ 28 Furthermore, defendant's claims lack merit. Patterson not only witnessed the robbery but also identified defendant as the robbery suspect based on his clothing and his backpack. Moreover, upon defendant's arrest police found defendant in possession of a backpack with the cigarettes Patterson testified the suspect stole and $411 in his pocket, the amount of money that Patterson testified the suspect also stole.

¶ 29 Under the circumstances above, we find no colorable argument can be made that the trial court erred when it dismissed defendant's section 2-1401 motion. Also, we deny defendant's motion for bail. Accordingly, we affirm the trial court's judgment.

¶ 30 III. CONCLUSION

¶ 31 For the reasons stated, we grant OSAD's motion to withdraw and affirm the trial court's judgment.

¶ 32 Affirmed.