**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 240102-U

Order filed December 16, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| | ) | Appeal No. 3-24-0102 |
| v. | ) | Circuit No. 14-CF-546 |
| | ) | |
| TRAVIEN K. MOORE, | ) ) | Honorable Kathy S. Bradshaw Elliott, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE BRENNAN delivered the judgment of the court.
Justices Peterson and Davenport concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  The circuit court did not err in dismissing defendant's successive section 2-1401 petition.

¶ 2    Defendant, Travien K. Moore, appeals from the dismissal of his petition for relief from judgment under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2022)). Defendant argues that the Kankakee County circuit court's *sua sponte* dismissal of his petition before the expiration of the 30-day response period for the State was premature and requires vacatur. We affirm.

¶ 3                                I. BACKGROUND

¶ 4        Following a 2015 jury trial, defendant was convicted of two counts of aggravated criminal sexual assault (720 ILCS 5/11-1.30(a)(2), (3), (5), (8) (West 2014)), and one count each of aggravated unlawful restraint (*id.* § 10-3.1) and aggravated battery (*id.* § 12-3.05(a)(5)). Defendant was sentenced to an aggregate term of 105 years' imprisonment. Defendant's conviction and sentence were affirmed on direct appeal. *People v. Moore*, 2019 IL App (3d) 160355-U, ¶ 68 (holding that the court did not err in denying his request for a continuance or in sentencing defendant and defendant received a fair trial).

¶ 5        In October 2020, defendant filed a *pro se* postconviction petition which alleged numerous claims of ineffective assistance of counsel, including counsel's failure to object to the State's use of "a prior unconstitutional charge" of aggravated unlawful use of a weapon (AUUW) and failure to call a specific alibi witness. The court dismissed defendant's petition at the first stage. On appeal, defendant argued only that the failure to call an alibi witness stated the gist of a claim. We affirmed the dismissal. *People v. Moore*, 2022 IL App (3d) 210106-U, ¶¶ 15, 21.

¶ 6        On July 17, 2023, defendant filed a section 2-1401 petition for relief from judgment. In it, he argued that his sentence was void because the court considered the age of the victim, an element inherent in the offense, as an aggravating factor. The State filed no responsive pleadings, and the court dismissed the petition *sua sponte* on October 2, 2023. Defendant filed a motion to reconsider on December 18, 2023, which was denied on January 3, 2024. Defendant did not appeal this dismissal.

¶ 7        On January 12, 2024, defendant filed a successive section 2-1401 petition. This petition alleged that prosecutors had knowingly and fraudulently used his void AUUW conviction against

him at trial and reiterated claims of ineffective assistance of counsel. On January 31, 2024, 19 days after defendant's successive petition was filed, the court *sua sponte* dismissed the petition, stating:

> "As to his 2nd 1401 petition, the defendant is now alleging that the 'whole' case is void due to Prosecutors use of 'unknowing' perjured testimony against him; the 'whole' case is 'illegal and void' due to the failure to be able to present a defense because of 'fraud' and 'duress' by the prosecutors, trial court, and public defender; and prosecutor and trial judge 'misconduct' during pretrial and trial. The defendant's allegations are all related to his 11-CF-87 case being used as a prior conviction. At the time of the jury trial in November 2015 the defendant's case 11-CF-87 was still a conviction. The conviction in 11-CF-87 was not vacated and dismissed until June 4, 2020."

Defendant appeals.

¶ 8                                    II. ANALYSIS

¶ 9        On appeal, defendant does not argue the merits of his petition, only that the court erred in *sua sponte* dismissing his successive section 2-1401 petition prior to the expiration of the 30-day response period. Section 2-1401 of the Code provides a statutory avenue for vacating final judgments older than 30 days in both criminal and civil cases. 735 ILCS 5/2-1401(a) (West 2022). The purpose of a section 2-1401 petition is to bring the court's attention to facts not appearing in the record, which, if known at the time the judgment was entered, would have prevented the judgment. *People v. Bramlett*, 347 Ill. App. 3d 468, 473 (2004). Proceedings under this section are governed by the usual rules of civil procedure. *People v. Vincent*, 226 Ill. 2d. 1, 8 (2007). A section 2-1401 petition is essentially a complaint inviting responsive pleadings, meaning the respondent may file an answer, a motion to dismiss, or choose not to file a responsive pleading. *Id.* A

meritorious defense under section 2-1401 involves errors of fact, not law. *People v. Pinkonsly*, 207 Ill. 2d 555, 565 (2003).

¶ 10 The State's failure to answer a section 2-1401 petition within the allotted 30-day period results in "an admission of all well-pleaded facts" which render the petition "ripe for adjudication," enabling the court to enter a *sua sponte* dismissal of the petition when warranted. *Vincent*, 226 Ill. 2d at 10. Dismissal prior to the expiration of the 30-day response period is premature. *People v. Laugharn*, 233 Ill. 2d 318, 323 (2009). Defendant argues that because the circuit court dismissed his petition prior to the expiration of the State's response period, the petition was not ripe for adjudication and requires vacatur and remand. We disagree.

¶ 11 *People v. Donley*, 2015 IL App (4th) 130223 is instructive. In *Donley*, the defendant filed a successive section 2-1401 petition in June 2013 which was *sua sponte* dismissed by the court 21 days after its filing. *Id.* ¶¶ 21-23. The appellate court found that:

> "Under the circumstances presented in this case, we reject defendant's argument that the supreme court's decision in *Laugharn* prohibits a trial court from immediately considering a *successive* section 2-1401 petition that (1) does not comport with the requirements outlined in section 2-1401 of the Code or (2) raises claims the court has previously considered and rejected or could have been raised in the initial section 2-1401 pleading. As we have previously noted, the 30-day rule announced in *Laugharn*, was intended to allow a party sufficient time to respond to a section 2-1401 petition instead of empowering a prisoner to persist in filing frivolous claims. The supreme court in *Laugharn* was not dealing with a *successive* section 2-1401 petition, and we do not believe that the supreme court would limit a trial court's authority on handling such petitions, especially, as here, when they are

4

clearly frivolous. Moreover, to proceed as defendant urges would not only be inconsistent with the court's traditional right of discretionary control over its own docket [citation], but also the public policy component of conserving limited judicial resources and time." (Emphases in original and internal quotation marks omitted.) *Id.* ¶ 42.

¶ 12    Similarly, the instant case involves a successive section 2-1401 petition which falls directly into the second situation noted by the *Donley* court. The claims raised in defendant's successive section 2-1401 petition were known by defendant at the time he filed his initial petition. Notably, he previously raised claims regarding the State's improper use of his prior AUUW conviction along with multiple other claims of ineffective assistance of counsel in his 2020 postconviction petition which were dismissed as frivolous and patently without merit. "[T]here is no bar to the filing of successive section 2-1401 petitions, aside from the doctrine of *res judicata.*" *People v. Vari*, 2016 IL App (3d) 140278, ¶ 18. "*Res judicata* bars not only what was actually decided in the first action but also whatever could have been decided." *Hudson v. City of Chicago*, 228 Ill. 2d 462, 467 (2008). Accordingly, defendant's claims are barred by *res judicata*.

¶ 13    No reason exists to remand this case to the circuit court to wait 30 days to again reject claims in defendant's successive 2-1401 petition that are barred under the doctrine of *res judicata*. To do so would overburden the court and waste already strained judicial time and court resources on repeated spurious filings. *Donley*, 2015 IL App (4th) 130223, ¶ 43. Thus, we conclude that the court did not err in dismissing his successive section 2-1401 petition prior to the expiration of the 30-day response period.

¶ 14                                III. CONCLUSION

¶ 15    The judgment of the circuit court of Kankakee County is affirmed.

¶ 16        Affirmed.