NOTICE
Decision filed 12/15/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 230240-U

NO. 5-23-0240

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Champaign County. |
| | ) | |
| v. | ) | No. 12-CF-98 |
| | ) | |
| EDWARD L. TAYLOR, | ) | Honorable |
| | ) | Randall B. Rosenbaum, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Presiding Justice Vaughan and Justice McHaney concurred in the judgment.

**ORDER**

¶ 1  *Held*:  Where the circuit court did not err in dismissing the defendant's petition for relief from judgment, or in denying his petition for *mandamus* relief, and where no argument to the contrary would have merit, the defendant's appointed appellate attorney is granted leave to withdraw, and the judgment of the circuit court is affirmed.

¶ 2  The defendant, Edward L. Taylor, appeals from the circuit court's orders dismissing his section 2-1401 petition for relief from judgment (735 ILCS 5/2-1401 (West 2022)) and denying his petition for *mandamus* relief (735 ILCS 5/14-101 (West 2022)).  His appointed attorney on appeal, the Office of the State Appellate Defender (OSAD), has concluded that this appeal does not present any issue of arguable merit, and on that basis, it has filed in this court a motion to withdraw as counsel pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987)), accompanied by a memorandum of law in support thereof.  OSAD gave proper notice to the defendant.  This court

1

gave him an opportunity to file a *pro se* brief, memorandum, or other document explaining why OSAD should not be allowed to withdraw as counsel, or why this appeal has merit, but the defendant has not availed himself of that opportunity. This court has examined OSAD's *Finley* motion and the accompanying memorandum of law, as well as the entire record on appeal, and has concluded that this appeal does indeed lack merit. Accordingly, OSAD is granted leave to withdraw as counsel, and the judgment of the circuit court is affirmed.

¶ 3                                    BACKGROUND

¶ 4                        Trial, Sentencing, and the Direct Appeal

¶ 5     In 2012, the defendant was charged with armed robbery. He was accused of robbing a Meijer gas station in Champaign, Illinois, while armed with a firearm. See 720 ILCS 5/18-2(a)(2) (West 2012). The offense was a Class X felony that carried a mandatory 15-year firearm enhancement. *Id.* § 18-2(b). The defendant hired an attorney to represent him. At a preliminary hearing, the court admonished the defendant about his rights and about the possibility of trial and sentencing *in absentia*.

¶ 6     In August 2012, the cause was called for trial by jury. The defendant failed to appear, and the cause proceeded to trial *in absentia*.

¶ 7     The State's evidence included the defendant's unrecorded statements to police, in which he admitted to robbing the gas station but denied displaying a gun. The salesclerk at the Meijer gas station testified that the robber was a black man whose face was covered up to his eyes; he wore a black coat and carried a backpack. The robber never explicitly threatened her, the salesclerk testified, and she never saw a gun. According to the salesclerk, she obeyed the robber's order to open the cash register, which held between $400 and $500 cash, and she complied with another order by placing six cartons of Newport cigarettes in the robber's backpack. Police officers

testified that they had stopped the defendant in the vicinity of the Meijer gas station, shortly after the robbery, after he had run from them. The defendant had $411 in his pants pocket, and he possessed a backpack that contained an unloaded Colt .45 pistol and six cartons of Newport cigarettes. At a police show-up, the salesclerk identified the defendant as the robber, although she admitted that his face was largely covered at the time of the robbery and that her identification was based on the defendant's clothing and backpack. In addition, the store's surveillance video showed the robber brandishing a handgun. The jury, after less than an hour of deliberation, found the defendant guilty as charged.

¶ 8    In September 2012, the defendant was sentenced, also *in absentia*, to imprisonment for 30 years, plus 3 years of mandatory supervised release. A warrant was issued for his arrest. The clerk of the circuit court, at the request of defense counsel, filed a notice of appeal on behalf of the defendant, perfecting an appeal from the judgment of conviction (case No. 4-12-0900).

¶ 9    In June 2013, months after his trial and sentencing *in absentia*, the defendant was arrested in Indiana. He subsequently appeared in the circuit court and was remanded to prison to begin serving his 30-year sentence. He filed a motion for a new trial, wherein he claimed that his absence was not willful, but the circuit court denied the motion. The defendant appealed (case No. 4-13-0813).

¶ 10    The two appeals—one from the judgment of conviction, one from the denial of the motion for new trial—were consolidated. On direct appeal, the defendant argued, *inter alia*, that the circuit court had erred in proceeding to trial and sentencing *in absentia*.

¶ 11    In June 2014, the Appellate Court, Fourth District, entered an unpublished order that affirmed the circuit court's judgment. *People v. Taylor*, 2014 IL App (4th) 120900-U. The Fourth

3

District stated, *inter alia*, that the circuit court had properly found that the defendant's absence was willful, and that trial and sentencing *in absentia* were therefore appropriate.

¶ 12    The Defendant's First Section 2-1401 Petition, Dismissals, and Appeals

¶ 13    While the direct appeal was still pending before the Fourth District—and specifically in March 2014—the defendant filed a *pro se* petition for relief from judgment, pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2014)). The defendant claimed that he was not afforded a timely preliminary hearing, that he was arrested simply because he was "a black male," and that no eyewitness identified him as the robber. The State filed a motion to dismiss that petition. Just three days after the State filed its motion to dismiss, the circuit court entered an order finding that the motion was "well taken" and dismissing the defendant's section 2-1401 petition. The defendant appealed.

¶ 14    On appeal, the State conceded that the circuit court had erred in its handling of the defendant's section 2-1401 petition. In April 2016, the Fourth District entered a summary order that accepted the State's confession of error and held that the circuit court had deprived the defendant of due process where it considered the State's motion to dismiss the section 2-1401 petition without first affording the defendant an opportunity to respond to the State's motion to dismiss. The dismissal order was vacated, and the cause was remanded for further proceedings. *People v. Taylor*, No. 4-14-0456 (2016) (unpublished summary order under Illinois Supreme Court Rule 23(c)(2)).

¶ 15    On remand, in July 2016, the defendant filed another section 2-1401 petition for relief from judgment. This petition purported to respond to the State's motion to dismiss. It raised new claims, additional to those raised in the March 2014 petition. The State filed a motion to dismiss, and the defendant responded to the State's motion. In October 2016, the circuit court agreed with the State

4

and dismissed the defendant's section 2-1401 petition. The defendant appealed. OSAD was appointed to represent him on appeal.

¶ 16    On appeal, OSAD filed with the Fourth District a *Finley* motion to withdraw as counsel. The defendant asked the Fourth District to allow OSAD to withdraw and to permit him to proceed *pro se*. The defendant also argued that the claims in his section 2-1401 petition had merit. The State filed with the Fourth District a brief arguing that the defendant's section 2-1401 petition did not contain any meritorious issues for review.

¶ 17    In November 2019, the Fourth District entered an order that allowed OSAD to withdraw as counsel and permitted the defendant to proceed *pro se*. The Fourth District did not address the merits of the new claims presented by the defendant in his section 2-1401 petition filed in July 2016 (due to their being put forth outside the two-year statute of limitations applicable to a section 2-1401 petition), but it did address the claims presented in the original section 2-1401 petition filed in March 2014. The Fourth District, disagreeing with the defendant, found that the defendant's preliminary hearing was not untimely. As for the claims that the defendant was arrested solely for being a "black male" and that no eyewitness had identified him, the Fourth District held that these allegations were not properly raised in a section 2-1401 petition, but nevertheless the claims lacked merit. The court granted OSAD's *Finley* motion to withdraw and affirmed the circuit court's dismissal of the section 2-1401 petition. *People v. Taylor*, 2019 Il App (4th) 160746-U.

¶ 18    (In addition to the above collateral attacks on the judgment of conviction, the defendant also filed another section 2-1401 petition and a petition for postconviction relief. The circuit court dismissed both.)

¶ 19                    The Two Petitions That Are the Subject of the Instant Appeal

¶ 20    On January 3, 2022, the defendant filed a *pro se* petition for relief from judgment pursuant to section 2-1401 (735 ILCS 5/2-1401 (West 2022)). (It was the fourth petition under section 2-1401 that the defendant filed in the circuit court.) In that petition, the defendant claimed (1) that his 30-year sentence was and remained void, where the circuit court, at the time of imposing sentence, failed to advise the defendant of his appeal rights, in accordance with Illinois Supreme Court Rule 605(a) (advice to defendant on judgment and sentence after plea of not guilty); (2) that his 30-year sentence constituted cruel and unusual punishment, in violation of the eighth amendment to the United States Constitution, and also violated the proportionate-penalties clause of the Illinois Constitution; (3) that his 30-year sentence "no longer advance[s] the interests of justice," and the state's attorney now may petition for a lesser sentence, and the sentencing court may grant the State's motion (see 725 ILCS 5/122-9 (West 2022) ("Motion to resentence by the People")); and (4) that he met "the eligibility criteria" for "both earned discretionary release and [a] parole hearing" due to the time he has spent in prison and his good-behavior credit (see 730 ILCS 5/3-3-3 (West 2022) ("Eligibility for Parole or Release")).

¶ 21    On September 7, 2022, the State filed a "motion to strike or dismiss" the defendant's section 2-1401 petition. First and foremost, the State relied upon the two-year statute-of-limitations period for a section 2-1401 petition, citing section 2-1401(c) of the Code (735 ILCS 5/2-1401(c) (West 2022)). The State noted that the defendant was sentenced in September 2012, and that the two-year period therefore had expired in 2014. In regard to the petition's first issue—*i.e.*, the defendant's sentence was void because the circuit court, at the time of imposing sentence, failed to advise the defendant of his appeal rights—the State countered that where a defendant is

6

willfully absent from his sentencing hearing, he has waived his right to be personally informed of his appeal rights, citing *People v. Woolridge*, 292 Ill. App. 3d 788, 792 (1997).

¶ 22     On January 30, 2023, the defendant filed a one-page response to the State's motion to dismiss his section 2-1401 petition. Essentially, he repeated that the circuit court, at the time of sentencing, failed to admonish him of his appeal rights.

¶ 23     On March 2, 2023, the circuit court entered a written order dismissing the defendant's section 2-1401 petition. The court found, *inter alia*, that the petition's claims were "untimely and forfeited."

¶ 24     Approximately three months after the defendant filed his third section 2-1401 petition— *i.e.*, on March 31, 2022—the defendant filed a *pro se* petition for *mandamus* relief. See 735 ILCS 5/14-101 (West 2022). This petition was captioned, "Edward L. Taylor, Plaintiff, vs People of the State of Illinois, Defendant." He repeated his grievance that the sentencing judge, at the time of imposing sentence, failed to admonish him of his appeal rights, as required by Rule 605. He also stated that he had asked "the defendants" to perform "specific ministerial duties," but that they had refused to perform those duties despite his "clear entitlement" to them. The defendant specified that he had asked for, and had been refused, a resentencing to 15 years in prison and an admonishment of his appeal rights. As a result, the defendant stated, he would suffer "continued illegal incarceration on a void sentence." The defendant prayed for an order of *mandamus* that compelled the "Defendant," *i.e.*, the "People of the State of Illinois," to resentence him to 15 years in prison and, after he is resentenced, to admonish him of his appeal rights. The State did not file any responsive pleading.

¶ 25     On March 2, 2023, the circuit court entered a written order that denied the defendant's petition for *mandamus* relief. The denial came on the same day that the court dismissed the

defendant's section 2-1401 petition; it came approximately 11 months after the *mandamus* petition was filed.

¶ 26    The clerk of the circuit court, acting on the request of the defendant, filed a notice of appeal from both the order dismissing the section 2-1401 petition and the order denying the *mandamus* petition. Both matters are before this district of the Appellate Court, now that Champaign County is within this district's geographical boundaries.

¶ 27                                    ANALYSIS

¶ 28    The defendant appeals from the dismissal of his section 2-1401 petition and the denial of his *mandamus* petition. As previously noted, OSAD has concluded that this appeal is meritless; accordingly, it has filed a *Finley* motion to withdraw. This court first addresses the dismissal of the section 2-1401 petition.

¶ 29    A section 2-1401 petition brings to the attention of the circuit court facts that would have precluded entry of a judgment if those facts had been known at the time the judgment was entered. *People v. Pinkonsly*, 207 Ill. 2d 555, 566 (2003). Section 2-1401 authorizes a circuit court "to vacate or modify a final order or judgment in civil or criminal proceedings." *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 31. When the circuit court dismisses a section 2-1401 petition, this court reviews the matter *de novo*. *People v. Vincent*, 226 Ill. 2d 1, 18 (2007).

¶ 30    Section 2-1401 provides that a petition must be filed within two years of the entry of the underlying judgment or order. 735 ILCS 5/2-1401(c) (West 2022). Without doubt, the defendant failed to file his petition within this two-year limitations period. After all, the underlying judgment in the instant case was entered in September 2012, when the defendant was sentenced, and his section 2-1401 petition was not filed until January 2022, nearly one decade later. Where a section

8

2-1401 petition is filed more than two years after the underlying judgment was entered, it generally "cannot be considered." *People v. Caballero*, 179 Ill. 2d 205, 210 (1997).

¶ 31 Section 2-1401(f) makes clear that the two-year limitations period does not apply if the judgment being challenged is "void" (735 ILCS 5/2-1401(f) (West 2022)), and in his section 2-1401 petition, the defendant claimed that his 30-year prison sentence was "void." The defendant argued that the sentence was "void" because the circuit court, at the time it imposed the sentence, failed to advise the defendant of his appeal rights, in accordance with Illinois Supreme Court Rule 605(b).

¶ 32 However, the absence of admonishments after the judgment has been entered does not render the judgment void. See, *e.g.*, *People ex rel. Alvarez v. Skryd*, 241 Ill. 2d 34, 42 (2011) ("While the absence of admonishments is erroneous, the error does not render the judgment of a circuit court void, so that a defendant can raise the issue at any time."). In Illinois, a judgment is void only if the court that entered the judgment lacked personal or subject-matter jurisdiction, or if the judgment was based on a facially unconstitutional statute that was void *ab initio*. *People v. Thompson*, 2015 IL 118151, ¶¶ 31-32; see also *People v. Castleberry*, 2015 IL 116916, ¶¶ 11-19. The underlying judgment here was not void. The defendant did not make any allegations that could possibly suggest that it was void. Accordingly, the defendant's section 2-1401 petition simply could not be considered. The circuit court's dismissal of the petition was not error.

¶ 33 As for the denial of the defendant's *mandamus* petition, here too there is no error.

¶ 34 *Mandamus* relief is an extraordinary remedy which will not be granted unless the petitioner establishes he has a clear right to the relief requested, the respondent public officer has a clear duty to act, and the public officer has clear authority to comply with the order. *People ex rel. Birkett v. Konetski*, 233 Ill. 2d 185, 192-93 (2009). If the act in question involves the exercise of an official's

discretion, relief will not be granted. *Id.* at 193. This court reviews *de novo* whether the circuit court correctly entered a judgment on pleadings. *Vincent*, 226 Ill. 2d at 14.

¶ 35   Here, the defendant is unable to state a claim for *mandamus* relief. He does not have a clear right to the relief requested—*i.e.*, resentencing, followed by an admonition on appeal rights —and neither of the other two requirements has been met. *Mandamus* cannot be used to review orders or judgments for error, or to alter a judge's actions when he had the jurisdiction to act. See *In re Commitment of Phillips*, 367 Ill. App. 3d 1036, 1042 (2006). Here, the sentencing judge certainly had the jurisdiction to act, *i.e.*, to sentence the defendant. Sentencing is a matter of discretion. See *People v. Perruquet*, 68 Ill. 2d 149, 153 (1977). Accordingly, *mandamus* relief simply could not have been granted here. The circuit court did not err in denying the defendant's *mandamus* petition.

¶ 36                                    CONCLUSION

¶ 37   For the reasons stated, the circuit court did not err in dismissing the defendant's section 2-1401 petition for relief from judgment or in denying his petition for *mandamus* relief, and no argument to the contrary would have merit. Therefore, this court grants OSAD's *Finley* motion for leave to withdraw as counsel and affirms the judgment of the circuit court.


¶ 38   Motion granted; judgment affirmed.