NOTICE
Decision filed 10/22/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 240776-U

NO. 5-24-0776

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | White County. |
| | ) | |
| v. | ) | No. 18-CF-236 |
| | ) | |
| DAESHAWN D. WILLIAMS, | ) | Honorable |
| | ) | T. Scott Webb, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE BOIE delivered the judgment of the court.
Justices Vaughan and Sholar concurred in the judgment.

**ORDER**

¶ 1   *Held*:  We affirm the judgment of the trial court denying defendant's amended petition for relief from judgment where the defendant failed to demonstrate that trial counsel's performance fell below an objective standard of reasonableness under prevailing professional norms.

¶ 2   On December 3, 2019, the defendant, Daeshawn D. Williams, admitted and stipulated to the State's amended petition to declare the defendant a sexually dangerous person (SDP) pursuant to the Sexually Dangerous Persons Act (SDPA) (725 ILCS 205/1.01 (West 2018)). The defendant filed a *pro se* petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2020)), on November 30, 2021, and an amended petition through counsel on August 28, 2023. On June 10, 2024, the trial court denied the amended petition. For the following reasons, we affirm the judgment of the trial court.

1

¶ 3                                I. BACKGROUND

¶ 4      On December 6, 2018, the defendant was charged by information with one count of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2018)). On March 25, 2019, the State filed the following additional charges against the defendant: one count of predatory criminal sexual assault of a child (*id.*), and two counts of aggravated criminal sexual abuse (*id.* § 11-1.60(c)(1)(i)).

¶ 5      The State filed a petition to declare the defendant an SDP on August 5, 2019. The petition alleged that, pursuant to the SDPA, the defendant suffered from a mental disorder, which had existed for a period of more than one year, demonstrated criminal propensities to commit sex offenses, and had demonstrated propensities toward acts of sexual assault and acts of sexual molestation of children through the acts alleged in the information. On August 12, 2019, the trial court appointed two experts, Daniel Selock and Pamela S. Smith, to evaluate the defendant pursuant to the SDPA.

¶ 6      Smith evaluated the defendant on August 26, 2019, and filed her report on September 24, 2019. Upon reviewing all available records, conducting examinations with actuarial tools, and completing an interview with the defendant, Smith found that the defendant met the criteria for unspecified paraphilic disorder, major depressive disorder, and other specified personality disorder. She further found the defendant to be at an above average risk of reoffending and opined that the defendant was an SDP pursuant to the SDPA.

¶ 7      Selock evaluated the defendant on August 20, September 3, and September 23, 2019, and filed his report on October 9, 2019. Selock reviewed all available records prior to interviewing the defendant. Selock considered the defendant's self-reported history but found that the defendant's current versions of the events to differ from what he had previously told law enforcement. Selock

2

also used actuarial tools during the evaluation and diagnosed the defendant with, *inter alia*, post-traumatic stress disorder, complex trauma, possible schizophrenia, and possible pedophilic disorder, non-excusive type. Selock also found that the defendant met the criteria for an SDP pursuant to the SDPA.

¶ 8    The defendant waived his right to a jury trial and requested a bench trial, which was scheduled for December 3, 2019. On the day of the bench trial, the parties informed the trial court that they had reached an agreement, which the defendant confirmed. The trial court told the defendant to listen to the terms of the agreement carefully, and if there is anything he did not understand, to inform the trial court.

¶ 9    The State informed the trial court that the defendant had signed a written admission and stipulation (stipulation) to the amended petition. The written stipulation stated that: (1) the defendant admitted that there was sufficient evidence to substantiate the allegations in the amended petition; (2) the defendant stipulated to the findings and conclusions in the two experts' evaluations filed in the case; specifically, that he had a mental disorder which had existed for at least one year prior to the filing of the petition, coupled with criminal propensities toward acts of sexual assault or acts of sexual molestation, and that it was substantially probable that he would engage in the commission of sexual offenses in the future if not confined; and, (3) he agreed to the entry of an order finding beyond a reasonable doubt that he was an SDP, with the Director of Corrections of the Illinois Department of Corrections (IDOC) being appointed as the guardian of his person and commitment to the Director's custody pursuant to the SDPA. 725 ILCS 205/1.01, 8 (West 2018). As part of the agreement, the State would not proceed on the underlying criminal charges, and the Edwards County state's attorney would dismiss a pending misdemeanor case.

3

¶ 10   The agreement further provided that, if the defendant appealed, the agreement not to proceed on the criminal charges would become null and void. Upon inquiry from the trial court, the parties explained and agreed that the stipulation would only become null and void if the defendant was successful on appeal and the case returned to the trial court. Defense counsel stated that he told the defendant, "If we came back here, then the State would be free from this bargain because [the defendant] would have changed the bargain on the State. *** But as long as he doesn't change the terms of the agreement, then the State was bound by the agreement."

¶ 11   The trial court then confirmed the defendant's understanding of the agreement as follows:

"THE COURT: You understand that by signing that document, you're waiving all your rights and you are agreeing that you are a sexually dangerous person pursuant to the statute as defined inside this admission?

THE DEFENDANT: Yes, [Y]our Honor.

THE COURT: And you were able to read this and you understand everything that was contained in this admission; is that correct?

THE DEFENDANT: Yes."

¶ 12   The State then presented the factual basis of the offenses which included the expected testimony from the minor victims; witness corroboration of the minor victims' accounts; Illinois State Police testimony regarding statements from the defendant; and the experts who evaluated the defendant and found him to be an SDP. The trial court found a factual basis.

¶ 13   The defendant then clarified that he was only stipulating that there was a factual basis, but that he was not specifically stipulating to the facts as alleged by the victims or witnesses. Defense counsel explained that the defendant would likely have to describe the events during treatment, and that he did not want treatment to depend upon recalling the exact same facts as provided by

4

the State. The trial court stated that it understood there may be a disagreement about some minor facts, such as the location where the events occurred, but that the "whole tenor and nature of a factual basis is for the Court to be able, in good faith, [to] take this agreement and not run the risk that the defendant is agreeing to something that there's no reason for him to plead to or to admit to." The trial court then found, beyond a reasonable doubt, that the defendant was an SDP.

¶ 14 On November 30, 2021, the defendant filed a *pro se* petition for relief from judgment pursuant to section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2020)). The petition alleged that the State failed to prove that the defendant had a past propensity towards acts of sexual assault or acts of sexual molestation of children and failed to prove that it was substantially probable that the defendant would commit a sexual offense if not confined. The defendant argued that the stipulation was void because he did not have any convictions for sexual offenses, and the stipulation was made under false pretenses. The defendant further claimed ineffective assistance of trial counsel.

¶ 15 The trial court appointed counsel to represent the defendant, and on August 28, 2023, counsel filed an amended petition for relief. The amended petition incorporated the claims set forth in the defendant's *pro se* petition and additionally argued that the defendant did not enter the agreement knowingly and voluntarily. The amended petition also stated a claim that the defendant's trial counsel was ineffective for failing to explain the admission and stipulation.

¶ 16 On June 10, 2024, the matter proceeded to an evidentiary hearing. The defendant testified that his trial counsel did not properly explain what an SDP was or what it meant to be confined under the SDPA. The defendant stated that trial counsel did not explain the stipulation until the day of the bench trial and told the defendant that he was signing "paperwork for two years of probation and go to a mental facility to get mental help." The defendant testified that he had

understood that the criminal charges would be dropped, and that he only signed the stipulation because he was rushed into it because his counsel told him the alternative could have been life in prison without parole. The defendant maintained that he did not commit the offenses, with the exception of one of the victims because they had a child together. The defendant denied the remaining offenses and stated that he had not successfully completed counseling since he would not admit to the other offenses.

¶ 17    The defendant further testified that he was unable to file his direct appeal within 30 days because IDOC was on lockdown and then he was on crisis watch for 30 days because he was suicidal over the false accusations. The defendant stated that he was innocent of the charges and that trial counsel failed to inform him that he would not be able to make progress in treatment unless he admitted to all of the underlying charges. The defendant further stated that, if he knew the consequences of admitting to being an SDP, he would not have signed, or would have filed a motion to withdraw, the stipulation.

¶ 18    On cross-examination, the defendant testified that he had signed the stipulation, that the trial judge went over the document with him and explained that the defendant was not getting two years of probation, and again stated that he has not completed any counseling sessions so far. The defendant also stated that his trial counsel did not explain that if the defendant completed counseling, he could be released from prison within two years. The defendant presented no further witnesses or evidence, and the matter proceeded with arguments.

¶ 19    After arguments, the trial court gave a detailed account of the previous hearing, including the factual basis presented, the evidence that the trial court reviewed, the timeline of the motions, the defendant's SDP evaluations, and the process of reviewing the stipulation with the defendant. The trial court specifically stated, "And I went over that admission. I still recall that admission. I

went over it in great detail because it's something that's outside the norm. It doesn't happen every day." The trial court recalled the defendant affirming that he understood the admission and that he would be found an SDP. The trial court stated, "I still believe that everything that was done that day was absolutely appropriate, absolutely above board. I would have never taken your agreement had I not fully believed that you were able to comprehend and understand absolutely everything that was going on." The trial court then denied the defendant's amended petition for relief from judgment and the defendant timely appealed.

¶ 20                                                    II. ANALYSIS

¶ 21     On appeal, the defendant argues that trial counsel was ineffective for not adequately explaining the stipulation to the defendant. Because trial counsel failed to explain the stipulation, the defendant argues that he did not knowingly and voluntarily sign the stipulation. Prior to addressing the defendant's issue, we must first address the defendant's brief on appeal.

¶ 22     The defendant's brief on appeal does not adhere to Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020), which governs the form and content of appellant briefs. The rule requires that the appellant's brief contain a statement of "the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal" and an argument section "which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(6), (7) (eff. Oct. 1, 2020).

¶ 23     The defendant's brief is three pages long and contains the following sections: nature of the action, statement of issues, statement of jurisdiction, statement of facts, argument, and conclusion, as required by Rule 341. Ill. S. Ct. R. 341(h)(2)-(4), (6)-(8) (eff. Oct. 1, 2020). The contents of these sections, however, are severely deficient. The defendant's statement of facts contains

7

information regarding the charges filed against him and the procedural history of the case with no references to the record. The brief then contains a "Trial" section describing the hearing on the petition for relief, that contains only eight lines of text and two citations to the record in total. Rule 341 requires the brief to include the necessary facts to understand the case, with citations to the record on appeal. Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020). The fact section in this brief fails to provide the necessary facts and fails to adequately cite the record as required.

¶ 24     The "Argument" section states that the defendant received ineffective assistance of counsel and that the defendant did not knowingly or voluntarily sign the stipulation. The brief does not contain any standard of review for a petition for relief of judgment, the elements or supporting case law for an ineffective assistance of counsel claim, or any precedent in support of the defendant's contention that the defendant's execution of the stipulation was not knowingly and voluntarily made. The argument section is two paragraphs and states that "Counsel on June 10, 2024, laid out the defendant's argument R 57-R60 which is adopted in full by the Defendant in this appeal." Further, the argument section contains only one citation to an authority that lacks pinpoint citations and does not appear to support either of the contentions for which it is cited.

¶ 25     "A reviewing court is entitled to have issues clearly defined, with pertinent authority cited and cohesive arguments presented ***." *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993). "[T]he rules of procedure governing appellate briefs are mandatory and not mere suggestions." *State ex rel. Fox v. Thornley*, 2023 IL App (4th) 220622, ¶ 71. Failure to comply with briefing rules is grounds for this court, at our discretion, to strike an appellant's brief and dismiss the appeal. *Id.*

¶ 26     Here, the defendant directs this court to his closing argument contained in the record of proceeding as his argument on appeal, which is entirely unacceptable. The appellate court is not a repository in which the appellant may foist the burden of argument and research. *Obert*, 253 Ill.

8

3d at 682. It is the defendant's responsibility to clearly state a cohesive argument in his brief and to support that argument with properly cited authority. Due to the defendant's complete failure to provide an argument supported by authorities, we may strike his brief and dismiss this appeal.

¶ 27 The State, however, does not argue that the defendant's brief should be stricken and instead addresses the issue raised by the defendant on appeal. Since this court has the benefit of the State's cogent brief, and the issue is evident and the merits of the appeal can be readily ascertained from the record, we will exercise our discretion to proceed to the merits of this appeal. See *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001). We caution the defendant's appellate counsel, however, that any future briefs of this nature may be stricken and the appeal dismissed for failure to comply with Rule 341.

¶ 28 This is an appeal from a judgment denying a petition for relief from a judgment pursuant to section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2020)). To receive relief under section 2-1401, the defendant must affirmatively set forth specific factual allegations supporting each of the following elements: "(1) the existence of a meritorious defense or claim; (2) due diligence in presenting this defense or claim to the circuit court in the original action; and (3) due diligence in filing the section 2-1401 petition for relief." *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220-21 (1986).

¶ 29 At a section 2-1401 hearing, the burden of proof is on the defendant to establish his claims by a preponderance of the evidence. *People v. Vincent*, 226 Ill. 2d 1, 7 (2007). On appeal, a section 2-1401 petition seeking to vacate a void judgment is reviewed *de novo*. *Nunez v. C&C Investments of Chicago, LLC*, 2022 IL App (1st) 211423, ¶ 16. However, a petition that raises a fact-dependent challenge to a final judgment or order must be resolved by consideration of the specific factual allegations that support the petition and is reviewed under the abuse of discretion standard. *Id.*

¶ 30    In the present case, the defendant's amended petition title states that it is a motion for relief from judgment—"VOID JUDGEMENT PURSUANT TO 735 ILCS 5/2-1401." The contents of the amended petition, however, state allegations that the defendant received ineffective assistance of trial counsel which resulted in the defendant not knowingly and voluntarily executing the stipulation. The amended petition does not allege, nor did the defendant argue at the hearing, that the order itself is void. Because the amended petition raised specific factual allegations, we will review the trial court's denial of the defendant's amended petition under the abuse of discretion standard.

¶ 31    A section 2-1401 petition is the proper vehicle for a defendant challenging his commitment as an SDP based on a claim of ineffective assistance of counsel. *People v. Lawton*, 212 Ill. 2d 285, 302 (2004). Ineffective assistance of counsel claims from those found to be an SDP are subject to the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *Lawton*, 212 Ill. 2d at 302. Under *Strickland*, a defendant must prove that defense counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and that this substandard performance caused prejudice by creating a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* Because a defendant must satisfy both prongs of the *Strickland* test to prevail, the failure to establish either precludes a finding of ineffective assistance of counsel. *People v. Henderson*, 2013 IL 114040, ¶ 11.

¶ 32    As stated above, the defendant argues that trial counsel rendered ineffective assistance of counsel by failing to adequately explain the stipulation to the defendant. The defendant states that trial counsel did not spend adequate time discussing the agreement with the defendant and that trial counsel failed to "communicate or adequately explain the Agreement." As such, the defendant states that he "did not have a knowing and voluntary understanding of what was happening."

¶ 33    In support of his entire argument, the defendant has a single citation to "*People v. Veatch*, 2017 IL 120649 (1st Dist. 2017)." The citation of "2017 IL 120649" leads to the matter of *People v. Veach*, an Illinois Supreme Court case that reversed a decision from the Fourth District court and held that ineffective assistance of counsel claims that could have been raised on direct review are deemed procedurally defaulted, but such procedural default does not preclude a defendant from raising an issue on collateral review that depended upon facts not found in the record. *Id.* ¶ 47. The defendant provides no pinpoint citation, so we have no indication of what portion of the *Veach* decision that the defendant believes supports his argument or even whether the defendant intended to cite *Veach*, instead of possibly a First District case of *People v. Veatch*, if such a case exists.

¶ 34    The defendant's brief also fails to specifically state what exactly the defendant failed to understand regarding the stipulation. At the hearing, however, the defendant testified that he was unaware of what it really entailed to be civilly committed as an SDP at the time he signed the stipulation and that his trial counsel failed to inform him that he would not be able to make progress in treatment unless he admitted to all of the underlying charges.

¶ 35    The defendant does not provide any authority that a defendant must be advised of the collateral consequences, such as treatment procedures, of being committed as an SDP. A criminal defendant need not be aware of the collateral consequences of a plea (see *People v. Hughes*, 2021 IL 112817, ¶ 35), and such a greater duty to inform of collateral consequences has also not been extended to a stipulation executed in a civil commitment. *In re Commitment of Walker*, 2014 IL App (2d) 130372, ¶ 42.

¶ 36    Further, in *People v. Bramlett*, 329 Ill. App. 3d 286, 289 (2002), as in the case here, the defendant had stipulated to the psychiatric reports and admitted that the State had sufficient evidence to prove that he was an SDP. The *Bramlett* court found that "there is no constitutional

11

requirement that the trial court give admonishments to [a] defendant to determine the voluntariness of a stipulation." *Id.* at 292. As the *Bramlett* court noted, proceedings under the SDPA are civil in nature and, although the Act provides several protections found in criminal cases, due process does not require the same requirements as those afforded a criminal defendant under Illinois Supreme Court Rule 402 (eff. July 1, 2012) (Pleas of Guilty or Stipulations Sufficient to Convict). *Id.* at 291. The *Bramlett* court also noted that the SDPA provides safeguards to guarantee the fairness and reliability of the proceedings, such that other elements of the criminal process are not constitutionally required. *Id.*

¶ 37    Finally, although the defendant now claims that he did not understand the meaning of being an SDP or what the stipulation meant, the record rebuts this argument. The trial court very clearly confirmed that the defendant was stipulating that he is an SDP pursuant to the statute, that the defendant read and understood everything included in the stipulation, and that no threats or promises were made in exchange for the stipulation. The defendant never manifested any hesitation, doubt, or questions that would indicate that he did not understand what was transpiring.

¶ 38    The defendant may not have been aware of what his treatment would entail, but he did testify that he knew he would "go to a mental facility to get mental help." We find no support for the defendant's contention that trial counsel was required to inform him that he would not be able to make progress in treatment unless he admitted to all of the underlying charges, if such requirement is even necessary for successful completion of treatment. As such, we find that the defendant fails to establish that trial counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. Because the defendant has failed to establish the first prong of *Strickland*, a finding of ineffective assistance of counsel is precluded and we need not address the prejudice prong of *Strickland*.

¶ 39    Accordingly, the defendant failed to establish the existence of a meritorious defense or claim in his section 2-1401 amended petition by a preponderance of the evidence, and based upon the record, we find that the trial court did not commit an abuse of discretion in denying the defendant's section 2-1401 amended petition.

¶ 40                                  III. CONCLUSION

¶ 41    For the foregoing reasons, we affirm the trial court's judgment denying the defendant's section 2-1401 amended petition for relief.

¶ 42    Affirmed.